# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                           **Case No. 19-80228-JWL**

**Darrian Jeffrey Summers**
**a/k/a Melissa Summers,**

      **Defendant.**

## MEMORANDUM & ORDER

On May 22, 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of her supervised release. The court sentenced the defendant to one year and one day of imprisonment. This matter is presently before the court on the defendant's "motion for relief" (doc. 16) in which she asks the court to order that she be placed in a community corrections facility (otherwise known as a "halfway house") for the final 6 months of her sentence. As will be explained, the motion is dismissed for lack of jurisdiction.

Although the defendant has asked the court to modify her sentence, a federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2).  The defendant has not shown that any of these exceptions apply here.  While the defendant references 18 U.S.C. § 3621(b), that statute does not authorize a sentencing court to modify a sentence in the manner requested by the defendant.  In fact, that statute expressly states that "any order" by the sentencing court that a defendant serve a term of imprisonment in a community corrections facility "shall have no binding effect" on the authority of the Bureau of Prisons to determine or change the place of imprisonment for that person.  *See Moresco v. United States*, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (district court lacked subject matter jurisdiction over defendant's motion to modify sentence where defendant sought an order for halfway house placement; none of the § 3582(c) exceptions applied and the conclusion that subject matter jurisdiction did not exist was further supported by § 3621(b), which gives primary authority to the executive branch over any petition pertaining to a prisoner's place of confinement).

In all likelihood, a § 2241 habeas petition is the proper procedural mechanism for the defendant to utilize in connection with the relief she seeks.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (attacks focusing on where a sentence will be served seem to "fit better under the rubric of § 2241").  But a defendant must first exhaust his or her administrative remedies before filing a § 2241 petition.  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  There is no indication in the record before the court that the defendant has submitted any administrative grievance relating to halfway house placement.

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss her motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's motion for relief (doc. 16) is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge