## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                          **Case No. 19-80228-JWL**

**Darrian Jeffrey Summers**
**a/k/a Melissa Summers,**

      **Defendant.**

### MEMORANDUM & ORDER

    In May 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of her supervised release. The court sentenced the defendant to one year and one day of imprisonment. Thereafter, defendant filed a motion asking the court to order that she be placed in a community corrections facility (otherwise known as a "halfway house") for the final 6 months of her sentence. The court dismissed that motion for lack of jurisdiction. Specifically, the court held that the statute referenced by defendant, 18 U.S.C. § 3621(b), did not authorize the court to modify defendant's sentence and that, to the extent defendant's motion was construed as a § 2241 habeas petition, defendant had not exhausted her administrative remedies. Defendant now moves for reconsideration (doc. 21) of the court's memorandum and order. The motion is denied in part and granted in part.

    In her motion, defendant does not actually seek reconsideration of the court's prior ruling. Instead, she asks the court for different relief entirely—she asks the court to recommend to the Bureau of Prisons that she be placed in a halfway house for the final 6 months of her sentence. To

the extent, then, that defendant asks the court to reconsider the substance of its prior ruling, the motion is denied.  To the extent the motion is one for a recommendation that the BOP consider earlier release to a halfway house,[1] the motion is granted in part.  As defendant highlights in her motion, 18 U.S.C. § 3621(b)(4)(B) provides that even though the BOP has ultimate responsibility for the defendant's placement, the BOP shall consider any statement the sentencing judge makes recommending the appropriate type of correctional facility.  The court, then, recommends that the BOP, if practicable and if consistent with the institution's standards, consider defendant for early placement in a halfway house or residential reentry center prior to the end of her sentence and that such placement be "of sufficient duration to provide the greatest likelihood of successful reintegration in the community." *See* 18 U.S.C. § 3624(c)(6)(C).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 21) is denied in part and granted in part.

---

[1] The government has not addressed this aspect of defendant's motion and, thus, has not suggested that the court lacks the authority to make a recommendation at this juncture.  And the court concludes that it does have the authority to do so.  *See United States v. Brattin*, 2016 WL 4467897, at *2 (D. Nev. Aug. 23, 2016) (concluding that court could make placement recommendation more than 14 days after judgment; neither Rule 35 nor Rule 36 applied and recommendation was separate and apart from judgment) (citing *United States v. Palacios*, 2007 WL 2410389, *3 (S.D. Cal. July 14, 2007) (declining to amend judgment under Federal Rule of Criminal Procedure 36 and instead issuing order recommending placement in an RRC for final six months of incarceration)).

**IT IS FURTHER ORDERED BY THE COURT THAT** the court recommends that the BOP, if practicable and if consistent with the institution's standards, consider defendant for early placement in a halfway house or residential reentry center prior to the end of her sentence.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2020, at Kansas City, Kansas.

                                                s/ John W. Lungstrum\_\_\_
                                                John W. Lungstrum
                                                United States District Judge