# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                    **Case No. 19-80228-JWL**

**Darrian Jeffrey Summers**
**a/k/a Melissa Summers,**

      **Defendant.**

## MEMORANDUM & ORDER

On May 22, 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of her supervised release. The court sentenced the defendant to one year and one day of imprisonment followed by a one-year term of supervision. This matter is now before the court on the defendant's motion to vacate the term of supervised release and require the defendant to serve that term in prison without any additional supervision upon her release (doc. 26). According to the defendant, she desires to travel and/or move to California upon release from prison (something that she cannot do while on supervision) and the additional time in prison will permit her to save money to find housing upon her release. The motion is dismissed for lack of jurisdiction.

The defendant has asked the court to modify her sentence. But a federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the

Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2).  The defendant has not shown that any of these exceptions apply here.

While 18 U.S.C. § 3583(e)(3) permits a court to revoke a term of supervision and require the defendant to serve that term in prison, that provision applies only if the court first determines that the defendant violated a condition of supervision.  It does not apply before the term of supervision has even started.  And while 18 U.S.C. § 3583(e)(1) permits a court to terminate a term of supervised release, that provision applies only after the expiration of one year of supervision.

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss her motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's motion to vacate the term of supervised release (doc. 26) is dismissed.

**IT IS SO ORDERED.**


Dated this 1st  day of February, 2021, at Kansas City, Kansas.


*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge